292 P.2d 857

**Arnold ROBBINS, Plaintiff and Respondent,**

**v.**

**Thomas OLSEN and Ralph Olsen, d/b/a Olsen Brothers, Defendants and Appellants.**

**No. 8362.**

Supreme Court of Utah.

Jan. 26, 1956.

10. See Wheat v. Denver & R. G. R. Co., Utah, 250 P.2d 932, 935, and cases referred to therein.

268

Paul E. Reimann, Salt Lake City, for appellants.

Dillman & Dillman, Roosevelt, for respondent.

HENRIOD, Justice.

Appeal from a judgment for plaintiff entered on a verdict in a case where plaintiff sued on an agreement to clear and level land and to repair river and ditch systems used to irrigate land. Affirmed with costs to plaintiff.

█ Defendants were farmers. After a damaging flood hit their land, they applied to the Production and Marketing Administration, a federal farm land relief agency, for aid to clear their land of debris, level it and repair the irrigation system having to do with clearing of ditches and opening up the natural river channel. Defendants em-

ployed plaintiff to do the work. Plaintiff testified as to what he did and with respect to making necessary reports to the federal agency, which agency ultimately approved the work project, whether performed completely by plaintiff, as he testified, or only partly, as defendants testified. Defendants admit that they were paid 80% of the cost of the project, which the agency agreed to bear, but they refused to pay plaintiff anything for the work he did, claiming he did not perform completely or satisfactorily. The jury quite obviously accepted plaintiff's version of the matter by finding in his favor. Its verdict must stand, since there was ample competent evidence which, looked at in a light most favorable to plaintiff, and if believed by the jury, would justify the conclusion reached.

█ Counsel for defendants insist, however, that plaintiff cannot prevail in any event, since he was an unlicensed contractor and neither pleaded nor proved that he was 1) licensed or 2) exempted from the licensing statutes,[1] as he should have done,[2] which pertinent statutes read as follows:

"58-6-1. License to do business.—It shall be unlawful for any person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, to engage in the business or act in the capacity of contractor within this state without having a license therefor as herein provided,

1. Utah Code Annotated 1953.

2. Smith v. American Packing & Provision Co., 102 Utah 351, 130 P.2d 951.

*unless such person,* firm, copartnership, corporation, association, or other organization *is particularly exempted as provided in* this act.

"58–6–2. Exemptions.—*This act shall not apply to:* \* \* \* (b) *any construction or operation incidental to* the construction and repair of irrigation and drainage ditches of regularly constituted irrigation districts, reclamation districts, or to *farming,* dairying, *agriculture,* viticulture, horticulture or stock or poultry raising, metal and coal mining, quarries, sand and gravel excavations, well drilling, hauling and lumbering." (Italics supplied.)

It is true that plaintiff's complaint specifically did not allege he was a licensed contractor in the statutory sense, nor did he allege therein that he was exempt from the licensing statute. However, defendants' answer asserted that their land and the irrigation system connected with it were damaged by the flood so as to make such land unfit for cultivation, and also that the U. S. Government had appropriated funds for restoration of lands damaged as were theirs, and the plaintiff in his reply admitted such assertions to the effect that the land had become unfit for cultivation. Other allegations in the answer made it further apparent that the work to be performed on the land where the clearing, leveling and irrigation repairing were to be accomplished, represented an operation incidental to farming or agriculture. It is obvious from all of the pleadings that every one knew and understood what the interested principals had in mind,—the refurbishing of damaged farm lands so as again to make them fit for raising crops,—an accomplishment made impossible by the flood,—so that from the pleadings themselves it is apparent that plaintiff was a contractor exempt from the licensing statute.

As far as the proof is concerned, all the testimony, on both sides pointed up an agreement whose sole object was to clear and level the land so that, through irrigation, it could again grow crops. Even counsel for defendants would seem to concede this when, in his brief, he says that "The purpose of the land-leveling project was to put the land in shape so that farming operations could be conducted, to make it possible to irrigate the land." Under such circumstances we are compelled to conclude that the plaintiff, by pleading and proof, and under the plain wording of the statute was not the kind of contractor intended to be subject to the licensing provisions.

■ Defendants urge further that it was error to allow the introduction of the P.M.A. file into evidence, since it contained documents filed by plaintiff, who was not a party to the application for flood relief. Defendants, however, made the application, which required as an incident thereto, the filing of work and time evidence by him who performed the work on

the project, all of which was so tied up with the federal requirements for approval of the project as to be quite material and competent in any controversy between applicant and worker as to compensation due and owing. Hence we cannot agree that putting in evidence the documents filed by plaintiff prejudiced defendants' cause.

We have examined the instructions given, and viewed as a whole, we deem them fair and non-prejudicial, which disposes of defendants' final contention that the jury was misdirected by certain of the instructions given or refused.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.